**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| IN RE: | C/A No. 10-03899-DD |
| Celestine H. McFadden, | Chapter 7 |
| | **ORDER ON MOTION TO COMPEL DISCOVERY** |
| Debtor. | |

This matter is before the Court on a Motion to Compel Discovery Responses ("Motion") filed by John R. Cantrell on behalf of Kevin Campbell, the chapter 7 trustee ("Trustee") on September 6, 2011. Saxon Mortgage Services, Inc. as servicer for The Bank of New York Mellon as successor indenture Trustee under NovaStar Mortgage Funding Trust, Series 2006-1, isaoa ("Saxon") filed a Response on September 20, 2011. A hearing was held on October 6, 2011. Following the hearing, the Court took some of the issues set forth in the Motion under advisement. The Court now issues this Order.

**I.  SC LBR 7026-1**

This Court's local rule on discovery, SC LBR 7026-1, states, in relevant part:

> All motions filed and served in connection with discovery, pursuant to Fed. R. Bankr. P. 7026 through 7037, shall be accompanied by a memorandum stating the pertinent facts and applicable legal authority relied upon and shall be filed and served no later than fourteen (14) days following the deadline for a response to the applicable discovery, except as provided in subsection (b).

SC LBR 7026-1(a). Trustee served his Requests for Admission on Saxon on May 11, 2011, and his Interrogatories and Requests for Production on May 13, 2011. Saxon served all of its Responses on Trustee on June 20, 2011, but Saxon's Responses were actually due on June 10,

2011 and June 12, 2011, respectively. *See* Fed. R. Civ. P. 33, 34, 36.[1] Under the clear language of SC LBR 7026-1(a), set forth above, Trustee, if filing a motion with respect to discovery, was required to do so within fourteen days of the original deadline for Saxon's responses, as extensions of time to respond agreed to between the parties are not valid. *See* SC LBR 7026-1(e) ("Extensions of time to respond to discovery may only be obtained by order of the Court following appropriate motion. Any agreement between counsel or parties relating to any extension of time is of no force or effect, . . .") Thus, SC LBR 7026-1 required Trustee to file his Motion by June 24, 2011 if addressing Responses to his Requests for Admission or by June 26, 2011 if addressing his Interrogatories and Requests for Production. However, Trustee waited until 11:57 p.m. on September 6, 2011, well past the deadline stated in SC LBR 7026-1 and after the conclusion of all of the parties' discovery, to file his Motion.

Additionally, SC LBR 7026-1(c) requires that a motion filed based on a discovery dispute "must contain a certification that counsel has conferred and explored with opposing counsel, or has in good faith attempted to confer and explore, the possibility of resolving the discovery matters in controversy." This Local Rule therefore requires that prior to seeking assistance from the Court in resolving a discovery dispute, the parties must confer in an attempt to resolve the issues themselves. Trustee first notified Saxon of his objections to Saxon's Responses to his Requests for Production on September 6, 2011 at 10:59 pm, less than one hour prior to filing his Motion. Trustee cannot expect Saxon's counsel to receive and immediately address an email sent at that late hour. Even if counsel for Saxon was at his computer and received the email as soon as it was sent, no meaningful consultation could have occurred in the short time between

---

[1] Under SC LBR 7026-1(e), parties cannot give each other extensions of time to respond to discovery; any extension must be obtained by order of the Court. No order providing for an extension has been requested or entered in this case; as a result, Saxon's responses were not timely and the original deadlines for its responses control for purposes of calculating the deadline for Trustee's Motion.

the email being sent and the filing of Trustee's Motion.  Trustee did not comply with SC LBR 7026-1's consultation requirement.

Counsel for Trustee stated at the hearing that he was not particularly familiar with SC LBR 7026-1's deadline for filing motions and therefore misunderstood it.  Trustee cites Fed. R. Bankr. P. 9029(a)(2), which provides that any local rule "shall not be enforced in a manner that causes a party to lose rights because of a nonwillful failure to comply with the requirement", and states that he had no notice of the meaning of the Local Rule because this Court has not interpreted the Rule.  He argues that he should therefore not be punished based on his misunderstanding of SC LBR 7026-1's requirements.

At the hearing on Trustee's Motion, the Court ordered Saxon to produce some additional documents to Trustee and took the remaining disputed Requests for Production under advisement.  For the reasons that will be discussed in more detail below, no further production by Saxon is necessary.  This finding is based primarily on the reasons set forth below.  However, Trustee's Motion was not timely, and that provides an additional basis for the Court to decline ordering further production of documents.

**II. Requests for Production**

The Federal Rules of Civil Procedure allow parties to obtain discovery of any nonprivileged material or information that is relevant to their claims or defenses.  Fed. R. Civ. P. 26(b)(1).  The scope of discovery is broad.  *United Oil Co., Inc. v. Parts Assocs., Inc.,* 227 F.R.D. 404, 409 (D. Md. 2005).  However, it is not without limitations, and the Court has the discretion to limit discovery for protection of a party or because the requested discovery is not relevant to the party's claims or defenses.  *See McDougal-Wilson v. Goodyear Tire and Rubber Co.*, 232 F.R.D. 246, 249 (E.D.N.C. 2005) ("Discovery is not limitless. The court has the

discretion to protect a party from 'oppression' or 'undue burden or expense.'") (citing Fed. R. Civ. P. 26(c)); *United Oil*, 227 F.R.D. at 409 ("And, of course, broad discretion is given to the trial court in determining relevance for discovery purposes.") (citing *Watson v. Lowcountry Red Cross*, 974 F.2d 482 (4th Cir. 1992)).

At the hearing on his Motion, Trustee had remaining objections to some of Saxon's Responses to the Requests for Admission, Interrogatories, and Requests for Production. The Court resolved many of these objections and stated its findings on the record. The issues not resolved at the hearing, all relating to Saxon's Responses to Trustee's Requests for Production, are discussed in detail below.

Request for Production #7

Request for Production #7 requests "any documents, notes, or records related to [Saxon's] possession of the Note and the Mortgage and the assignment and/or endorsement of both documents and all documents and records in the mortgage file." Exhibit B2 to Trustee's Motion to Compel, docket #160. Saxon objected to the Request as "irrelevant, overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and the burden of the expense outweighs its likely benefit." Saxon additionally stated, "The Trustee's allegations relate to the assignment of the Mortgage and the filing of the Proof of Claim. The remainder of the Mortgage file is irrelevant to the Trustee's allegations." *Id.* At the hearing on his Motion, Trustee argued that Saxon should produce the relevant mortgage file. Saxon argued in response that the mortgage file is not relevant to the instant proceeding and additionally argues that this request is burdensome and designed to harass rather than gather information.

Request for Production #8

Trustee's Request for Production #8 states, "Please produce all documents you rely upon in your claim that you had possession of the Note on the date of the petition was filed in this bankruptcy case." Exhibit B2 to Trustee's Motion to Compel, docket #160. Saxon responded to this Request by stating, "As set forth in the Interrogatories above, the Note was in the possession of U.S. Bank, NA as custodian." *Id.* Trustee objected to this Request because "[t]he request asked for the production of documents that support [the] claim, not the identity of the document custodian." Trustee's Exhibit to Motion to Compel, docket #161. Saxon stated at the hearing that it does not have any such documents because Saxon was not actually in possession of the Note at the time of filing and therefore, it cannot produce any documents that it does not have. Trustee responded at the hearing that he wants Saxon to produce the custodial file for the relevant loan.

Request for Production #9

Request for Production #9 asks, "For each denial in your responses to Trustee's request for admissions or interrogatories, please identify and provide all documents you rely upon in support of your denial(s)." Exhibit B2, docket #160. Saxon objected to this Request as "irrelevant, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence." *Id.* Trustee objects to Saxon's Response to this Request because documents were not produced for certain Requests for Admission. Trustee's Exhibit to Motion to Compel, docket #161. Saxon stated at the hearing that it has produced all documents that it used in answering Trustee's Requests for Admission, but Trustee argues that there must be a document that was relied on in answering Request #118C, which asks Saxon to admit that LoanLeaders had sold its mortgage interest prior to the date of the assignment at issue.

Request for Production #15

Request for Production #15 asks for "all MERS documents related to this loan, including the MIN number." Exhibit B2, docket #160. Saxon objected to this Request as irrelevant, overly broad, and unduly burdensome. Despite its objection, Saxon provided the MIN number. *Id.* Trustee objected to Saxon's Response, because he alleges that Saxon failed to produce all MERS documents. At the hearing, he indicated that specifically, Saxon should produce a MIN summary and MERS report. Saxon responded that it cannot get this information, but Trustee contests that assertion.

Request for Production #16

Trustee's sixteenth Request for Production requested that Saxon provide all documents and transaction books maintained by the document custodian for the mortgage loan. The Request specifically asked for the custodial agreement. Exhibit B2, docket #160. Saxon objected to this Request as irrelevant, overly broad, and unduly burdensome. Despite its objection, Saxon referred Trustee to the Sale and Servicing Agreement. *Id.* Trustee objected to this Response, stating in his email to Saxon's counsel simply that Saxon's Response was "unresponsive." Trustee's Exhibit to Motion to Compel, docket #161. At the hearing Trustee indicated that he wanted Saxon to produce the custodial agreement as well as the custodial file.

Request for Production #17

Request for Production #17 states, "Please identify and provide copies of all checks and/or wire transfers to any party issued from funds received from any party in connection with this mortgage loan." Exhibit B2, docket #160. Saxon objected to this Request as "irrelevant, overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of

admissible evidence, and the burden of the expense outweighs its likely benefit." *Id.* Saxon further stated in its Response that such information is irrelevant to the Trustee's allegations in this matter. *Id.* Trustee objected that this Response was unresponsive, and at the hearing indicated that this information was relevant to the contested matter pending before the Court because he could use it to document the sale of the loan.

Request for Production #20

Trustee next objected to Saxon's Response to his Request for Production #20, which asks for "copies of all civil actions, adversary proceedings, or administrative proceedings that have been filed against [Saxon] at any time in the past 60 months for any alleged misconduct related to mortgage servicing." Exhibit B2, docket #160. Saxon objected to this Request as "irrelevant, overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and the burden of the expense outweighs its likely benefit." *Id.* Saxon further stated that these actions are all public records which are equally accessible to Trustee. *Id.* Trustee objected to this Response, calling it unresponsive. Exhibit to Trustee's Motion to Compel, docket #161. Trustee argued that all of the requested documents are not public records, and even if they were, that would not be a valid ground for objection. At the hearing, Saxon argued that it is not feasible to gather this information and also stated that the information is not relevant. Trustee responded that it is relevant to show a pattern of wrongdoing.

Request for Production #21

Trustee's next Request for Production asks for "all documents that purport to grant authority to any person to sign any of the documents referred to herein." Exhibit B2, docket #160. Saxon objected to this Request with the same objection as the last several Requests. Saxon then referred to the other documents produced through its other Responses. *Id.* Trustee

argued that Saxon's Response was not satisfactory because signing authority for many of the documents in the case has not yet been established. Exhibit to Trustee's Motion to Compel, docket #161. At the hearing, Saxon stated that it provided the assignment of mortgage, which was the only document it saw as germane. However, Trustee continued to object, stating that Saxon should produce the retainer agreement entered into with the attorneys who represented Saxon in the foreclosure action.

Request for Production #22

Trustee's Request for Production #22 states, "Please produce a copy of the notary log or registration book for any public notary who certified the signature of any person on any document referred to herein." Exhibit B2, docket #160. Saxon objected to this Request as "irrelevant, overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and the burden of the expense outweighs its likely benefit." *Id.* Saxon also noted that it is not in possession of any such logs or registration books. Trustee responded via email, "If Claimant or any of its agents employ any of the indicated notaries that keep notary logs, then Claimant has the ability to require those notaries to produce the requested documents." Exhibit to Trustee's Motion to Compel, docket #161. Saxon reiterated at the hearing that it does not have any such documents and was not able to locate them. Trustee stated that he believed an electronic notary log was available to Saxon and requested that Saxon be ordered to produce it.

Request for Production #23

Request for Production #23 asks for "any rating agency opinion on whether or not each assignment of the mortgage must be recorded in any jurisdiction where the real property is located." Exhibit B2, docket #160. Saxon responded with the same objection used in response to several other Requests, but additionally stated that any such available documents would be

sensitive commercial information and would not be subject to disclosure. Trustee responded that the Sale and Servicing Agreement references the documents and argued that there is no valid objection to prevent production of the documents. Exhibit to Trustee's Motion to Compel, docket #161. Trustee indicated at the hearing that he wants all rating agency opinions for this particular trust. Saxon responded that in addition to being sensitive commercial information, this information is not relevant to Trustee's claims.

Request for Production #24

Request for Production #24 asks for a copy of "any written procedures where the holders of any designated percentage of the outstanding certificates issued to the investors in this trust may direct the Master Servicer to record any or all assignments related to the mortgage." Exhibit B2, docket #160. Saxon's Response was identical to its Response to Request #23, as was Trustee's objection. At the hearing, Saxon's counsel told the Court that it does not have any such information and in fact believes that such information does not exist.

Request for Production #25

The final Request for Production to which Trustee objects asks for a copy of any written procedures relating to the recording of mortgage assignments in the event of a bankruptcy proceeding which involves the originator or depositor. Exhibit B2, docket #160. Once again, Saxon's Response and Trustee's objection were identical to Request #23. Saxon's counsel informed the Court at the hearing that upon inquiry, he was informed that no such documents exist.

### III. Production

The Court finds that no further production by Saxon is necessary. Saxon's counsel represented throughout the hearing that he had gone to great lengths to obtain information to

provide to Trustee in an effort to satisfy Trustee's objections. Saxon counsel repeatedly stated that he had provided all documents in its possession to Trustee and that many of the documents Trustee is attempting to obtain do not exist. In fact, Trustee conceded this in part, as he stated at the hearing that he had sought some of the documents with the belief that they did not exist in an effort to use the absence of documents as evidence in presenting his case. Further, Saxon argued that many of the documents Trustee is requesting are not relevant to the issues in this contested matter, and the Court agrees. Trustee cannot obtain discovery of whatever information he desires, regardless of the relevance of the material or the burden on the opposing party. Trustee has been provided with ample information to try his case. Aside from the information the Court ordered Saxon to produce at the hearing on Trustee's Motion, Saxon is not required to produce any additional information to Trustee.

### IV. Award of Fees

The Court found at the hearing on Trustee's Motion that Trustee was entitled to an award of fees for the additional time his counsel expended as a result of Saxon's failure to respond under oath to Trustee's Interrogatories. At the Court's request, counsel for Trustee submitted an Affidavit on October 17, 2011 indicating that the additional time he expended was 2.5 hours. Counsel for Trustee did not provide the Court with any evidence of his normal hourly rate at the hearing or in his Affidavit. Instead, he requested that the Court determine what his reasonable hourly rate is. Counsel for Trustee also attached a survey of attorney's fees to his Affidavit; however, this survey is not useful, as there is no context within which to compare the fees Trustee incurred with those set forth in the survey. For these reasons, the Court awards fees for 2.5 hours at the rate of $200 per hour, which represents an amount in the lower range of the

hourly rates commonly charged by attorneys practicing before this Court. Saxon must pay this award of fees within twenty (20) days of the date of entry of this Order.

### V. Deadlines and Trial Date

Since discovery in this case has concluded, the Court finds it necessary to set deadlines for the parties' pre-trial submissions and a trial date in order to facilitate a final disposition of this matter. The parties' pre-trial briefs are due December 7, 2011, and a trial on this matter will be held December 21, 2011 at 9:00 a.m. in Charleston.

### CONCLUSION

For the reasons set forth above, Trustee's Motion is granted in part and denied in part. Saxon was ordered to produce certain documents to Trustee on the record at the hearing, and it must do so within a reasonable time. Saxon is not required to produce any further information to Trustee. The parties' pre-trial briefs are due on December 7, 2011, and a trial will be held in this matter on December 21, 2011 at 9:00 a.m. in Charleston.

AND IT IS SO ORDERED.

**FILED BY THE COURT**
**10/25/2011**



David R. Duncan
US Bankruptcy Judge
District of South Carolina

Entered: 10/25/2011